**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-2497

GEORGE PLUMAJ; FILE PLUMAJ,

Petitioners,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.  (A-78-148-474; A78-148-470)

Submitted:  July 29, 2005          Decided:  August 19, 2005

Before WILKINSON, MICHAEL, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Gary J. Yerman, New York, New York, for Petitioners.  Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Carol Federighi, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

George and File Plumaj petition for review of the Board of Immigration Appeals' denial of their motion to reconsider the Board's prior order that denied their motion to remand for adjustment of status. The petition is denied.

The Plumajs, a married couple who are natives and citizens of Albania, attempted to enter the United States on December 27, 1998, under the Visa Waiver Pilot Program ("VWPP"),[1] which allows visitors from certain countries to enter the United States without a visa for a stay of ninety days or less. See 8 U.S.C.A. § 1187 (West 1999 & Supp. 2004). In exchange for the visa waiver, the alien must waive his right "to contest, other than on the basis of an application for asylum, any action for removal." § 1187(b)(2).

The Plumajs were apprehended at Dulles airport, posing as assistants to a soccer team from Slovenia, a party to the VWPP. During their questioning by agents of the former Immigration and Naturalization Services ("INS"), the Plumajs admitted that they were not citizens of Slovenia, that they were in possession of fraudulently obtained passports from Slovenia, that they were citizens of Albania (a country that does not participate in the VWPP), and that they feared reprisals for their participation in

---

[1]The Program was later made permanent by Congress, and was renamed the Visa Waiver Program.

- 2 -

anti-communist activities if they were returned to Albania. Although the Plumajs were advised that they would not be permitted to enter the United States under the VWPP, as they were ineligible, and that they would be deported, their case was referred to an immigration judge for "asylum-only proceedings" pursuant to 8 C.F.R. § 208.2(c).

When their application for asylum was denied, the Plumajs filed a motion to remand for adjustment of status, contending that Mr. Plumaj's brother, a United States citizen, filed a visa petition on his behalf. After that motion was denied, the Plumajs filed a motion to reconsider. The Board denied that motion, stating that the Plumajs were not eligible for adjustment of status because they sought to enter the United States under the VWPP. The Board noted that, under § 217(b) of the INA, a VWPP entrant may apply only for asylum relief as a means of contesting deportation. The Plumajs then filed the instant petition.[2]

---

[2]We note that the merits of the orders issued by the Board -- the October 31, 2003 order denying the Plumajs' motions to reopen and to remand or of its earlier February 13, 2003 decision dismissing their appeal from the immigration court -- are not the subject of the present petition because the Plumajs did not timely file a petition for review of any of those decisions. The Plumajs had thirty days from the date of each of these orders to timely file a petition for review. See 8 U.S.C. § 1252(b)(1) (2000). This time period is "jurisdictional in nature and must be construed with strict fidelity to [its] terms." Stone v. INS, 514 U.S. 386, 405 (1995). The filing of a motion to reopen or reconsider with the Board does not toll the thirty-day period for seeking review of the underlying order. Id. at 394. Accordingly, this court's review is limited to the propriety of the Board's denial of the Plumajs' motion to reconsider.

The Plumajs contend that due process requires that the waiver of their right to all claims for relief other than asylum must have been made "knowingly and voluntarily" to be enforceable against them, Nose v. Attorney General, 993 F.2d 75, 79 (5th Cir. 1993), and argue that they did not sign their waivers "knowingly and voluntarily." According to the Plumajs, at the time of their entry they were unable to speak English, and although they signed the forms requesting entry under the VWPP, a third party actually completed the paperwork for them. Thus, the Plumajs maintain that they did not understand the forms they were signing.

"In order to prevail on a due process challenge to a [removal hearing], an alien must demonstrate that he was prejudiced by any such violation." See Rusu v. INS, 296 F.3d 316, 320 (4th Cir. 2002) (stating that removal and asylum proceedings are "subject to the requirements of procedural due process"). Under current agency regulations, arriving aliens seeking admission without valid entry documents (such as a visa or visa waiver), are precluded from applying for adjustment of status under INA § 245, 8 U.S.C.A. § 1255 (West 1999 & Supp. 2005). See 8 C.F.R. § 245.1(c)(8) (2005). Moreover, the Plumajs have not demonstrated that a visa was "immediately available to them," an element required to establish an alien's eligibility for adjustment of status. See 8 U.S.C.A. § 1255(a) (West 1999 & Supp. 2005); 8 C.F.R. § 245.1 (g)(1) (2005). Because the Plumajs cannot

- 4 -

demonstrate that they were entitled to an adjustment of status, they cannot show they were prejudiced by the alleged error. <u>See</u> <u>Rusu</u>, 296 F.3d at 324. We therefore find that the Board did not abuse its discretion when it denied the Plumajs' motion to reconsider. <u>See</u> 8 C.F.R. § 1003.2(a) (2004); <u>INS v. Doherty</u>, 502 U.S. 314, 323-24 (1992); <u>Yanez-Popp v. INS</u>, 998 F.2d 231, 234 (4th Cir. 1993).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>